The Honorable William Clay, Jr. Representative, District 59 State Capitol Building, Room 407 A Jefferson City, Missouri 65101
Dear Representative Clay:
This opinion is in response to your question asking:
 Is additional statutory authorization necessary in order for the state lottery commission to formulate a lottery game where the prizes are based on the player's predictions on the outcome of professional sporting events?
In conjunction with your opinion request, you have provided the following information:
 Oregon has recently started a lottery game where the player picks winners against the point spread of from four to fourteen professional football games and the player receives prize money from the lottery prize fund if he picks all games selected correctly. This system appears to be working in Oregon and interest for such a game in conjunction with the other state lottery games in this state may be present.
The term lottery has been held by the Missouri Supreme Court to include "every scheme or device whereby anything of value is for a consideration allotted by chance." State ex inf.McKittrick v. Globe-Democrat Publishing Company, 341 Mo. 862,110 S.W.2d 705, 713 (Mo. banc 1937). Under Article III, Section 39(9) of the Missouri Constitution, as amended, the General Assembly has no power to authorize lotteries for any purpose except as otherwise provided in Section 39(b) or Section 39(c) of Article III. Section 39(b)1 of Article III of the Missouri Constitution, as amended, allows the General Assembly to authorize a Missouri state lottery by law under the control of a State Lottery Commission. This constitutional provision was adopted by the people at a general election on November 6, 1984, and amended at a special election on August 2, 1988.
In response to this constitutional provision, the General Assembly enacted the State Lottery Law, Sections 313.200 to313.350, RSMo. Section 313.220.1, RSMo Supp. 1989, empowers the State Lottery Commission to promulgate such rules and regulations governing the establishment and operation of a state lottery as it deems necessary and desirable to fully implement the mandate of the people expressed in the approval of the lottery amendment to Article III of the Missouri Constitution. In carrying out this mandate, the duties of the State Lottery Commission are set forth in Section 313.230, RSMo Supp. 1989. The State Lottery Commission is empowered to design and implement various types of lottery games for play in Missouri as a facet of the Missouri lottery. A lottery game is defined in Section 313.205(7), RSMo 1986, as any procedure authorized by written rule of the commission whereby prizes are distributed among persons who have paid, or have unconditionally agreed to pay, for tickets or shares which provide the opportunity to win prizes. A limitation is set forth in Section 313.230(1)(a), RSMo Supp. 1989, which provides that the commission may not design a lottery using the theme of casino type games or any coin- or token-operated amusement device.
Nothing in the Missouri Constitution or statutes limits the authority of the State Lottery Commission to formulate a lottery game awarding prizes based on a player's predictions of the outcome of actual professional sporting events. As long as the elements of prize, chance, and consideration are present, a game of this type can be designed and implemented in Missouri by the State Lottery Commission without additional statutory authorization.[1]
 CONCLUSION
It is the opinion of this office that additional statutory authorization is not necessary for the State Lottery Commission to formulate a lottery game where the prizes are based on the player's predictions on the outcome of professional sporting events.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Since the various professional sporting organizations have not condoned or authorized such games, such a game would have to be designed in a manner not to infringe on any trademarks or copyrights belonging to such organizations.